THE COUNTY OF STUTSMAN, a Public Corporation, Respondent, v DANA WRIGHT, as Sheriff of Stutsman County, State of North Dakota, Appellant.

(170 N. W. 326.)

Sheriffs — fees of — turned into treasury — statutes — real estate mortgage foreclosure by advertisement — fees for collecting personal property taxes — fees.

Under chapter 275, Laws 1911, relating to salaries of sheriffs and providing for fees collected by sheriffs to be turned into the county treasurer it is *held:*

1. That a sheriff is required to turn over to the county treasurer (a) all fees collected in making real estate mortgage foreclosure sales by advertisement; and (b) all fees received under § 2178, Compiled Laws 1913, for collecting personal property taxes.

Chattel mortgages — foreclosure of — by advertising — fees in same — sheriffs may retain same.

2. That a sheriff is not required to turn over to the county treasurer, fees received for making sales upon the foreclosure of chattel mortgages by advertisement.

Opinion filed November 29, 1918. Rehearing denied December 21, 1918.

Appeal from a judgment of the District Court of Stutsman County, North Dakota, *Coffey*, J.

Defendant appeals.

Modified and affirmed.

*John W. Carr,* for respondent.

The fees collected by a sheriff in all actions or proceedings wherein he acts in his official capacity and as required to do by law must be by him turned into the county treasury, and he must report to the county commissioners all fees collected. Comp. Laws 1913, § 8081.

The legislative intent must be clear, and the statute must evidence a plain intent to grant public funds to a public officer occupying a salaried office, otherwise the fund remains the property of the state. State v. Stockwell, 134 N. W. 767.

While the office of sheriff is a constitutional office, the Constitution also provides that the legislature shall fix or prescribe the duties and compensation of all county, township, and district officers. N. D. Const. § 173, Comp. Laws 1913, § 3520.

*Knauf & Knauf,* for appellant.

The fees collected by a sheriff in performing his duties as such may be kept and retained by him, excepting that all fees collected in the course of civil actions shall be by him turned over to the county treas-urer, and he shall make a report to the board of county commissioners of all such fees collected and covered into the treasury. Sess. Laws 1911, § 6, p. 499; Rev. Codes 1905, § 2600; Comp. Laws 1913, § 3525.

A civil action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement of protection of some right, the redress or prevention of some wrong. Comp. Laws 1913, § 7330.

There is no action, unless it be "an ordinary proceeding in a court

of justice." The fees collected in foreclosures by advertisement and in the collection of personal taxes are not fees collected in an action in "an ordinary proceeding in a court of justice." 57 N. Y. 413–414.

We cannot say that the statute intervenes public policy, because the legislature can announce its own public policy. 151 N. W. 881–882; 23 Am. & Eng. Enc. Law, 155; Comp. Laws 1913, § 3526.

CHRISTIANSON, J. This case involves the construction of chapter 275 of the Laws of 1911. Comp. Laws 1913, § 3520. The law, as enacted, was entitled: "An Act Providing for Salary for Sheriffs and Providing for Fees Collected by Sheriffs to be Turned in to the County Treasurer of Their Respective Counties, and Prescribing for a Penalty for Failing to do so." The statute, in accordance with its title, prescribes the salaries to be paid to the sheriffs of the state. The second section of the act provides that "in addition to the salary prescribed by the preceding section, the sheriff or his deputy or deputies shall be allowed 10 cents per mile for each and every mile actually and necessarily traveled in the performance of any of their official duties." Comp. Laws 1913, § 3521. The following section (§ 3522, Comp. Laws 1913) provides that the sheriff or his deputy or deputies shall be reimbursed for livery hire used in the performance of his official duties, not exceeding a maximum amount specified. The statute also provides for the appointment of deputies who are to be paid stipulated salaries by the county. Prior to the enactment of this law, the sheriff's office was a fee office, and the sheriffs of this state received no salaries. In the instant case three questions are presented: (1) Is a sheriff, under this law, required to pay in to the county treasurer fees collected in making real estate mortgage foreclosure sales by advertisement? (2) Is he required to pay over to the county treasurer, the $1 fee allowed by § 2178, Comp. Laws 1913, for making collection of personal property taxes? (3) Is he required to turn over to the county treasurer fees collected by him in the making of chattel mortgage foreclosure sales by advertisement? (No question is raised with respect to sheriff's fees on the foreclosure of real or chattel mortgages by action, but merely as to such fees in cases where they are foreclosed by advertisement.)

In our opinion the sheriff is required to pay over to the county all

fees collected by him in making real estate foreclosure sales by advertisement, and also the fees collected by him under the provisions of § 2178, supra, and in collecting personal property taxes.

It is part of the duties of a sheriff to make foreclosure sales of real estate mortgages by advertisement. Comp. Laws 1913, § 8081. It is also the duty of the sheriff to make collection of the personal property taxes. Section 2178, supra. The fees received by a sheriff upon foreclosure of real estate mortgages by advertisement and in collecting personal property taxes are fees which he receives and is required to collect in the performance of his official duties. In our opinion, chapter 275, Laws 1911, construed as a whole, evidences an intention on the part of the legislature to require the sheriffs of this state to turn the fees in question over to the county treasurers of their respective counties.

We do not believe, however, that the sheriff is required to account for or to pay over any fees which he may have received upon the foreclosure of chattel mortgages by advertisement. It is no part of a sheriff's duty to make foreclosure sales of chattel mortgages by advertisement. Under the provisions of the statute, such sales may be made by the owner of the mortgage or his agent or attorney. Comp. Laws 1913, § 8126. Manifestly, a sheriff who makes such foreclosure does not act in his official capacity as a sheriff. Surely there would be no liability upon his official bond for any neglect of duty in connection with the sale or failure to account for the proceeds. In making such sale, the sheriff acts as an individual. He does not act in his official capacity, and there seems to be no more reason why he should be required to account for what he receives in making such sales than to require him to account for moneys received by him for performing any other service which he performs in an individual capacity. Upon the record before us, it is impossible to say what amount of the moneys involved in this litigation are fees for the foreclosure of chattel mortgages by advertisement. Hence, it will be necessary to remand the cause in order that this may be done in the court below.

It should be noted that what we have said relative to chattel foreclosure sales has reference only to chattel foreclosure sales by advertisement and not to foreclosure of chattel mortgages by action. Where such mortgages are foreclosed by action and sale made upon execution,

the sheriff, of course, acts in his official capacity and is required to account for the fees received.

In order to obviate any possible misunderstanding, we deem it proper to say that this case in no manner involves any shortage upon the part of the defendant sheriff. It is undisputed that the moneys in controversy have been kept separate and available for such disposition as the court may order. And it is conceded that no blame or censure of any kind whatever attaches to the defendant in connection with the matters involved in this litigation, but that his conduct has, in every respect, been above suspicion.

It follows from what has been said that the judgment in this case should be modified by allowing the defendant to retain the fees received by him upon the foreclosure of chattel mortgages by advertisement, and, as so modified, the judgment should be affirmed. The case is therefore remanded with directions that judgment be entered in accordance with the views expressed in this opinion. Neither party will recover costs on this appeal.

ROBINSON, J. (concurring in part and in part dissenting). This is an appeal from a judgment for $2,867.24 against the sheriff of Stutsman county on account of fees which he received on the foreclosure of real estate mortgages and the collection of personal property taxes. The sheriff claimed the right to hold the same in addition to his mileage and livery and a salary of $200 a month. The claim is in effect that the Salary Act gives the sheriff a monthly bonus named a salary and permits him to receive and retain all fees as allowed before the passage of the act.

The Salary Act of 1911 is entitled: "An Act Providing for Salary for Sheriff and Providing for Fees Collected by Sheriffs to be Turned in to the County Treasurer of their Respective Counties and Prescribing for a Penalty for Failing to do so." [Chap. 275.] As the title shows, the original purpose of this act was to give the sheriff a good, fair, liberal salary for all services and to require him to turn into the county treasury all fees without any exception. But the sheriffs were so clever they secured an amendment permitting them to retain 10 cents a mile for every mile traveled, with livery or automobile hire at $5 a day and 40 miles, or any part in excess of 20 miles,

to be reckoned as a day's drive, and 20 miles or less to be reckoned as a half day's drive. So when a sheriff drives half a mile he may charge and does charge $2.50.

Under the present system of travel 10 cents a mile is good pay for a sheriff without any additional fees or salary. In a recent case in Morton county, for the work of one day in summoning a special jury the fees were: Mileage $55.80, livery $70. (Froelich v. Northern P. R. Co. — N. D. —, 167 N. W. 369.) Under the fee system as it was, and as it still remains, the sheriffs do make excessive and extortionate charges on nearly every turn. The temptation is too great. If the monthly salary allowed each sheriff and deputy is not enough, the duty of the legislature is to increase it and to strike out the nefarious mileage and livery so as to leave not a vestige of the abused and extortionate fee system.

By the Salary Act of 1915, chapter 112, all county officers are given a salary in lieu of fees, and it is provided: "All moneys received as fees of every nature, kind or description in his official capacity, or commissions and compensation for services on boards created by law, excepting mileage and livery, shall be paid by the sheriff at the end of each month into the general fund of the county."

Manifestly, the purpose of each act is to require a sheriff to pay into the county treasury every cent that he may receive as fees, excepting the mileage and livery. As there was no dispute concerning the fees received by the sheriff and not paid into the county treasury the judgment of the district is clearly right and should be affirmed.